No. 254

TUMEY v. STATE

No. 19611. Supreme Court

On motion to certify. Dock. Feb. 2, 1926; 4 Abs. 112.

661. INTOXICATING LIQUORS— Does fact that Mayor receives money for alleged use of Village of which he is mayor, disqualify or affect his judicial poise so as to constitute his participation in proceedings of liquor case, a violation of Federal and State Constitutions?

Ed Tumey was held guilty of possessing 35 gallons of fruit juices which contained more than ½% of alcohol; and was fined $100 by the Mayor of North College Hill. The Hamilton Common Pleas reversed the Mayor's judgment, and in the Court of Appeals, the judgment of the Common Pleas was reversed.

Tumey brings the case in the Supreme Court on motion to certify and it is claimed that the Mayor in the original proceedings, acted in violation of the 14th amendment to the Federal Constitution and of section 16, Article 1, of the constitution of Ohio, in that he was interested in his decision in a money way, since 6212-18, 6212-19 and 6212-37 GC. provide for a commercial liquor court making the collection of money by fines the paramount object of the court and therefore violating the due process clause of the Federal and State Constitutions.

It is contended that there need be no legislative provision disqualifying courts because both Federal and State Constitutions operate directly in protecting the people. "The sovereign people have the inherent right under our form of government to declare, by their constitution, any act or acts unlawful." 102 OS. 65.

It is further claimed that the Court of Appeals based its decision on the theory that Tumey's claim was that the Mayor should have been disqualified because he received legal fees. It is averred that no such claim was made and is not now made; but that the Mayor as head of the Village was anxious to have it make money out of these cases; and his judicial poise was necessarily affected by that money consideration. Under these circumstances, it is claimed that Tumey could not have had a fair trial.

Attorneys—Harry H. Shafer and Edward P. Moulinier for Tumey; Allen C. Roudebush for State; all of Cincinnati.

Note—The OA. opinion will be found in 4 Abs. 109.

(Continued on Page 199)

---

MOTION DOCKET—Continued

19633—Frank Liska v State of Ohio. Motion for leave to file petition in error to the court of Appeals of Cuyahoga county. Allowed. Dock. 2-24-26; 4 Abs. 160.

19670—Logan Gas Co v Public Utilities Commission of Ohio. Motion for suspension of order of the Public Utilities Commission of Ohio. Order suspended. Dock. 3-9-26; 4 Abs. 176.

---

# Bound Volumes

### For the Years

# 1923, 1924 and 1925

# OHIO

# LAW ABSTRACTS

---

JUST A FEW VOLUMES OF 1923 LEFT
And They Will Soon be Taken
THEY GROW MORE VALUABLE WITH AGE
PRICE NOW $17.50, EACH

## Sets of the 3 Vols.

# Now $36.00

### Delivered

## Including the Ternary (3 Years)
### Digest $40.00

WRITE FOR PARTICULARS

# Law Abstract Company

CLEVELAND, O.

13916 Euclid Avenue